Carol P. Michel, Esq.
Nevada Bar No. 11420
cmichel@wwhgd.com
Jonathan J. Winn, Esq.
Nevada Bar No. 12896
jwinn@wwhgd.com
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

William H. Morrow, Esq. (*pro hac vice* forthcoming)
*wmorrow@lightfootlaw.com*
Tatum L. Jackson (*pro hac vice* forthcoming)
*tjackson@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

*Attorneys for Defendant*
*United Seating and Mobility, LLC d/b/a Numotion*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAYMOND OUTLAW,<br><br>         Plaintiff,<br><br>vs.<br><br>UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION; DOE MECHANIC; DOES I – X individuals, inclusive; ROE CORPORATIONS I – X, inclusive,<br><br>         Defendants. | Case No.:<br><br>**DEFENDANT UNITED SEATING AND MOBILITY, LLC'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant United Seating and Mobility, LLC d/b/a/ Numotion ("Numotion" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

removes this action from the Eighth Judicial District Court, Clark County, Case No. A-21-838729-C, to the U.S. District Court, District of Nevada.

## I. NATURE OF THE CASE

1. On July 30, 2021, Plaintiff Raymond Outlaw, a citizen of Nevada, filed this action, designated as Case No. A-21-838729-C, in the Eighth Judicial District Court in and for the County of Clark. Plaintiff did not properly serve the Complaint on Defendant. A true and correct copy of the Complaint in the state court action is attached as Exhibit A.

2. On October 12, 2021, Plaintiff filed a Second Amended Complaint ("SAC").

3. Defendant's counsel accepted service of the SAC on Defendant's behalf on October 12, 2021. A true and correct copy of the SAC is attached as Exhibit B.

4. Plaintiff's SAC alleges that he is a paraplegic and "suffered known and ongoing medical damages, the extent and nature of which are still not fully known" after falling out of his wheelchair on August 1, 2019, and again on August 8, 2019. SAC at ¶¶ 12, 19, 21. Specifically, Plaintiff alleges that as a result of the August 1st fall, he suffered multiple fractures to his right hand. *Id.* at ¶ 14. Plaintiff alleges as a result of the August 9th fall, he suffered fractures to his leg. *Id.* at ¶ 19. Plaintiff also contends he suffered property damage and other incidental damages. *Id.* at ¶ 22. Plaintiff alleges that Defendant's negligence in repairing Plaintiff's wheelchair caused his injuries and damages. *Id.* at ¶¶ 26–29. Plaintiff also claims that Defendant breached an alleged implied warranty to perform repairs in a workmanlike manner and that Defendant violated Nevada Revised Statute 104.2314. *Id.* at ¶¶ 32–52.

5. Removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446 because: (1) complete diversity exists between the parties, (2) the amount in controversy exceeds $75,000, and (3) all procedural requirements have been satisfied.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6. At the time this action was filed and at all times since, Plaintiff admits he is citizen of Nevada. *Id.* at ¶ 1.

7. At all relevant times, including the time of filing the SAC and the time of

2

1  removal, Numotion was and is a limited liability company organized under the laws of the State
2  of Missouri with its principal place of business in Tennessee.  Numotion's sole member, NMN
3  Holdings III, Corp., was and is a Delaware corporation with its principal place of business in
4  Tennessee.  Therefore, Numotion is a citizen of Delaware and Tennessee.  *See* 28 U.S.C. §
5  1332(c)(1); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006)
6  (holding that an LLC has the citizenship of each of its members).

7        8.     The citizenship of defendants sued under fictitious names is disregarded for
8  purposes of demonstrating complete diversity of the parties for removal.  28 U.S.C. § 1441(b).

9        9.     Because Plaintiff is diverse from Defendant, 28 U.S.C. § 1332(a) is satisfied and
10 complete diversity exists in this action.

### III.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12      10.     The amount in controversy in this action exceeds the sum or value of $75,000,
13 exclusive of interest and costs.  As the Supreme Court clarified, a notice of removal to federal
14 court under 28 U.S.C. § 1446(a) need only include a *plausible* allegation that the amount in
15 controversy exceeds the jurisdictional threshold and need not include actual evidence
16 establishing that amount.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81,
17 89 (2014).

18      11.     The Court may consider the removal petition and "any summary-judgment-type
19 evidence relevant to the amount in controversy." *Matheson v. Progressive Specialty Ins. Co.*,
20 319 F.3d 1089, 1090 (9th Cir. 2003).  In addition, the defendant may use a settlement demand or
21 letter to show the amount in controversy.  *Krajca v. Southland Corp.*, 206 F. Supp. 2d 1079,
22 1081 (D. Nev. 2002) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).
23 Ongoing medical bills are also relevant to the Court's amount in controversy analysis.  *Perreault*
24 *v. Wal-Mart Stores, Inc*., 2016 WL 4515932, at *1, *3 (D. Nev. Aug. 29, 2016) (holding that the
25 amount in controversy requirement was met when Plaintiff provided medical current medical
26 costs totaling $38,769.60 and indicated that the bills would continue, and Plaintiff's complaint
27 sought an amount in excess of $10,000, special damages, reasonable attorney's fees, costs, and

other appropriate relief).

12. The Court may also consider attorneys' fees because the prevailing party in this case may recover costs. *Winfield v. Wal-Mart Stores*, No. 2:14-cv-01034-MMD-CWH, 2016 WL 10807599, at *1, *2 (D. Nev. Sept. 9, 2016) (citing N.R.S. § 18.020(3)).

13. Here, it is more likely than not that the amount in controversy exceeds $75,000. In particular, Plaintiff sent a demand letter to Sedgwick ("Demand"), Numotion's claims administrator, before filing his initial Complaint. *See* Demand, attached as Exhibit C. The Demand details Plaintiff's injuries, medical treatment, medication, and medical expenses. *Id.* Plaintiff's total medical expenses as of May 13, 2021 were $35,187.67. *Id.* Plaintiff also claims that the accident caused him "pain, loss of enjoyment of life, and additional care under physicians" as well as humiliation and loss of independence due to his pre-existing paraplegia. *Id*. Plaintiff's Demand seeks the insurance policy limits, which is $3,000,000. *See* Sedgwick's Response to Policy Limits Demand, attached as Exhibit D.

14. The Demand provides a detailed breakdown of Plaintiff's medical expenses and injuries, so it constitutes a reasonable estimate of Plaintiff's claims. *See Jackson v. Liberty Mut. Auto & Home Servs., LLC*, No. 3:18-cv-00350-LRH-CBC, 2018 WL 11266698, at *1, *2 (D. Nev. Sept. 25, 2018) (holding that the amount in controversy requirement was met because Plaintiff initially submitted a claim for policy limits of $100,000); *Campbell v. Estate of Kilburn*, No. 3:13-cv-06270LRH-WGC, 2014 WL 5063967, at *1 (D. Nev. Oct. 9, 2014) ("[I]nitial settlement offer of $100,000, the policy limit for [Plaintiff's] insurance, is sufficient to establish the amount in controversy and thereby diversity jurisdiction."). Because the policy limit Demand requests damages far in excess of $75,000, the Demand, by itself, satisfies the jurisdictional requirement.

15. In addition, Plaintiff's SAC seeks damages in excess of $15,000 for each of the three separate causes of action.[1] SAC at ¶¶ 29, 36, 49. Thus, at the very least, Plaintiff's

---

[1] Also, Plaintiff's arbitration exemption request in his SAC establishes that the amount in controversy is at least $50,000. *See Hart v. J.C. Penney Corp., Inc.*, No. 2:19-cv-01249-GMN-DJA, 2020 WL 10575505, at *1, *2 (D. Nev. Mar. 20, 2020) (stating that courts will consider a plaintiff's request for

4

damages claims in the SAC and past medical expenses as of May 2021 amount to $50,187.67.[2] However, this amount has increased, and will continue to increase, as Plaintiff alleges he has suffered from "ongoing medical damages." *Id.* at ¶ 21.

16. Plaintiff further alleges that he has suffered "property damage and other incidental damages." *Id.* at ¶ 22.

17. Plaintiff also claims that he "has incurred and continues to incur special, general, and compensatory damages." *Id.* at ¶ 49. He seeks "compensatory, general, and special damages," and "reasonable attorney's fees and costs incurred in this action." *See* Prayer for Relief of SAC.

18. Considering Plaintiff's $3,000,000 policy limit Demand, his claimed damages of at least $15,000 for three claims, past medical expenses of $35,187.67 as of May 13, 2021, medical expenses incurred from May 14, 2021 to the present date, future medical expenses, future general damages, compensatory damages, attorneys' fees, the nature of Plaintiff's injuries, and the requested relief, the amount in controversy exceeds $75,000.

### IV. PROCEDURAL REQUIREMENTS ARE SATISFIED

19. Pursuant to 28 U.S.C. § 1446(a), Defendant attached true and correct copies of "all process, pleadings, and orders served" upon Defendant in the state court action as Exhibit E.

20. Pursuant to 28 U.S.C. § 1446(b), this Notice has been filed within thirty (30) days of receipt of service of the SAC as computed in FRCP 26(a). Because Defendant was served on October 12, 2021, and the legal holiday of Veterans Day took place on November 11, 2021, this Notice is timely.

21. The time for Defendant to answer, move, or otherwise plead with respect to the SAC has not yet expired.

---

exemption from arbitration when assessing the amount in controversy).

[2] This minimum amount assumes Plaintiff's damages are the same for each claim, but they are alleged to be different in the SAC. For example, Plaintiff's third claim alleges damages in excess of $15,000 for "special, general, and compensatory damages" whereas his other two claims do not.

5

22. Venue is proper in this Court in accordance with 28 U.S.C. § 1441(a).

23. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Eighth Judicial District Court in and for the County of Clark and served on Plaintiff's counsel. A copy of the Notice of Filing of a Notice of Removal to be filed with the Eighth Judicial District Court in and for the County of Clark is attached as Exhibit F.

24. By filing a Notice of Removal in this matter, Defendant does not waive its rights to object to service of process, sufficiency of process, jurisdiction over the person, or venue, and the Defendant specifically reserves the right to assert any defenses, objections, or motions to which it may be entitled, including but not limited to the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### V.  CONCLUSION

25. Because (1) complete diversity exists, (2) the amount in controversy exceeds $75,000, and (3) all procedural requirements are met, Defendant satisfies the requirements for removal pursuant to 28 U.S.C. § 1332.

DATED this 11th day of November, 2021.

*/s/ Jonathan J. Winn*
Carol P. Michel, Esq.
Jonathan J. Winn, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118

William H. Morrow
Tatum L. Jackson
(*Pro Hac Vice* Forthcoming)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

*Attorneys for Defendant United Seating and Mobility, LLC d/b/a Numotion*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, and that on the 11th day of November, 2021, I served a true and correct copy of the foregoing **DEFENDANT UNITED SEATING AND MOBILITY, LLC'S NOTICE OF REMOVAL** by e-service, in accordance with the Electronic Filing Procedures of the United States District Court, to the following:

Waleed Zaman, Esq.
Michael Trippiedi, Esq.
Mike@ztlawgroup.com
ZAMAN & TRIPPIEDI, PLLC
6620 S. Tenaya Way, Suite 100
Las Vegas, NV 89113
(702) 842-4242
(702) 920-8837 FAX
*Attorneys for Plaintiff Raymond Outlaw*

                                */s/ Kelly L. Pierce*
                                An employee of WEINBERG, WHEELER, HUDGINS GUNN & DIAL, LLC