# EXHIBIT A

# EXHIBIT A

**Electronically Filed**
**7/30/2021 12:48 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**COM**
**MICHAEL TRIPPIEDI, ESQ.**
Nevada State Bar No. 13973
**MICHAEL Z. STANNARD, ESQ.**
Nevada State Bar No. 14624
**ZAMAN & TRIPPIEDI, PLLC.**
6620 S. Tenaya Way, Suite 100
Las Vegas, NV 89113
Ph: 702-842-4242
F: (702) 920-8837
Electronic Service Address: Mike@ztlawgroup.com

CASE NO: A-21-838729-C
Department 13

**EIGHTH JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RAYMOND OUTLAW, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NUMOTION USA, LLC, DOE MECHANIC; DOES I – X individuals, inclusive; ROE CORPORATIONS I – X, inclusive.<br><br>Defendants. | Case No:<br><br>Dept. No:<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(**Arbitration Exemption Claimed: Value in Excess of $15,000.00**) |

COMES NOW, Plaintiff, RAYMOND OUTLAW, by and through his counsel, Michael G. Trippiedi, Esq., of Zaman & Trippiedi, PLLC., and for a cause of action against the Defendants, and each of them, for damages and injuries sustained on or about August 1, 2019, alleges, on information and belief, and avers as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. That Plaintiff, RAYMOND OUTLAW, (hereinafter, "Plaintiff") is and was at all times relevant, a resident of Clark County, Nevada.

2. That upon information and belief, Defendant, NUMOTION USA, LLC, (hereinafter, "NUMOTION") is and was at all times relevant, a domestic limited liability company organized and operating under the State of Nevada and duly authorized to conduct business Clark County, State of Nevada.

. . .

3.     That upon information and belief, Defendant, DOE MECHANIC, (hereinafter "MECHANIC") is and was at all times relevant, a resident of Clark County, Nevada.

4.     That Defendants DOE INDIVIDUALS I-X, and ROE CORPORATIONS I-X, whether individual, corporate, associates or otherwise, are fictitious names of Defendants whose true names and capacities, at this time, are unknown to Plaintiff. Plaintiff is informed and believes and alleges that at all relevant times, DOE INDIVIDUALS I-X were an agent, servant, and/or employee of Defendants, and in doing things hereinafter mentioned was acting within the scope of his/her authority as such an agent, servant, and/or employee, and with the permission and consent of his Defendants; and that each of said fictitiously named Defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiff on the facts alleged herein, and proximately caused injures and damages to Plaintiff. At such time as Defendants' true names become known to Plaintiff, Plaintiff will ask leave of this Court to amend this Complaint to insert said true names and capacities.

5.     The District Courts of Nevada have subject matter jurisdiction over this matter because this action concerns issues of Nevada law.

6.     That the damages complained of are in an amount sufficient to invoke the jurisdiction of this Court, though not yet fully ascertained, said damages complained of are in excess of Fifteen Thousand Dollars ($15,000.00).

**FACTUAL ALLEGATIONS**

1.     Plaintiff has needed the assistance of a wheelchair since he was twenty-two (22), when he was involved in an unrelated motor vehicle accident. As a result of the injuries he sustained in that accident, Plaintiff is a paraplegic and relies heavily on his motorized wheelchair to meet his basic needs.

2.     On or about April 19, 2019, Plaintiff took his motorized wheelchair to NUMOTION for evaluation regarding its general condition. Plaintiff was familiar with NUMOTION because they had done previous repair and maintenance work on his wheelchair.

3. After evaluating the state of the wheelchair, NUMOTION determined that the wheelchair was in need of significant repairs, including, but not limited to, repairs to the wheelchair's motor, wiring, battery, joystick, and cosmetic appearance.

4. At NUMOTION's recommendation, Plaintiff agreed to allow NUMOTION to take possession of the wheelchair to make the necessary repairs.

5. Or about May 30, 2019, after more than a month had passed, the Defendants indicated to Plaintiff that it had completed repairs and returned the wheelchair to his possession.

6. On or about August 1, 2019, the control panel Defendants had repaired became dislodged from the wheelchair and fell into Plaintiff's lap.

7. This caused Plaintiff to fall forward onto the ground.

8. As Plaintiff was falling, he attempted to catch himself by reaching out with his right hand. However, the force and angle of his fall resulted in Plaintiff suffering multiple fractures to his right hand.

9. After receiving treatment for his injuries, Plaintiff no longer had an operable wheelchair at his disposal.

10. Plaintiff contacted the Defendants after his fall on August 1, 2019, requesting that they correct the defective repairs that caused his injuries.

11. NUMOTION declined to preform any repairs to the wheelchair unless Plaintiff agreed to take no legal action against them for the injuries he sustained during the August 1, 2019 fall.

12. Plaintiff declined to guarantee that he would not bring legal action seeking compensation for his injuries, and, as a result, he was left without an operable wheelchair.

13. On August 8, 2019, while the Plaintiff was still recovering from his earlier injuries, and without an operable wheelchair, he suffered another fall that resulted in fractures to his leg.

14. As a result of the Defendants failure to properly perform the repairs to Plaintiff's wheelchair, Plaintiff suffered personal injuries and other damages, the full extent and nature of which are still not fully known.

15. As a result of Defendants' actions, Plaintiff has suffered known and ongoing medical damages, the extent and nature of which are still not fully known.

16. As a further direct and proximate result of the aforesaid negligence of Defendants and each of them, Plaintiff has incurred property damage and other incidental damages in a sum to be determined at the time of trial.

17. As a result of Defendants' actions Plaintiff has been forced to retain counsel to pursue his interest in this matter.

### FIRST CAUSE OF ACTION: NEGLIGENCE

(Against All Defendants)

18. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

19. That at all relevant times, the Defendants owed Plaintiff a duty of reasonable care to ensure that the repairs preformed on Plaintiff's wheelchair were completed, correct, and adequate.

20. That the Defendants acted negligently by failing to ensure the repairs to Plaintiff's wheelchair were preformed correctly.

21. That the Defendants failed to undertake reasonable actions to ensure their repairs and safeguard Plaintiff against possible injuries.

22. That the Defendants failure to act reasonably and responsibly to ensure their repairs directly and proximately resulted in Plaintiff suffering significant injuries.

23. That as a result of Defendants negligence, Plaintiff suffered significant personal injuries the full extent and nature of which are still not fully known, but are in excess of $15,000.00.

24. As a further direct and proximate result of the aforesaid negligence of the Defendants and each of them, Plaintiff has incurred property damage and other incidental damages in a sum to be determined at the time of trial.

25. As a result of Defendants conduct, Plaintiff has been required to retain the Law Offices of ZAMAN & TRIPPIEDI to prosecute this action, and are entitled to recover attorney's fees, case costs and prejudgment interest.

## SECOND CAUSE OF ACTION:
## BREACH OF IMPLIED WARRANTY

(Against All Defendants)

26. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

27. That the Defendants impliedly warranted to Plaintiff that the work performed on his wheelchair was done in a good and workmanlike manner, in full accordance with their agreement with the Plaintiff to preform such work.

28. Plaintiff believes that in accordance with Nevada Revised Statute 104.2314 the Defendants breached their implied warranty to Plaintiff because the repairs made to the wheelchair were inadequate, not fit for their intended purpose, and/or failed to comport to the standard that the Defendants agreed to when they undertook said repairs.

29. Plaintiff believes that the Defendants were at all times relevant, fully aware of the breach of their implied warranty for the repair of the wheelchair.

30. As a direct and proximate result of the Defendants' breach of the aforesaid implied warranty, Plaintiff suffered significant personal injuries the full extent and nature of which are still not fully known but are in excess of $15,000.00.

31. As a further direct and proximate result of the aforesaid negligence of the Defendants and each of them, Plaintiff has incurred property damage and other incidental damages in a sum to be determined at the time of trial.

32. As a result of Defendants conduct, Plaintiff has been required to retain the Law Offices of ZAMAN & TRIPPIEDI to prosecute this action, and are entitled to recover attorney's fees, case costs and prejudgment interest.

## THIRD CAUSE OF ACTION:
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION

(Against NUMOTION)

33. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

34. NUMOTION was negligent in its hiring, training, supervision, and/or retention of DOE MECHANIC at all times relevant herein.

– 5 –
PLAINTIFF'S COMPLAINT

35. NUMOTION knew or reasonably should have known that DOE MECHANIC was engaging in wrongful protocol and/or maintenance in regard to the repair of Plaintiff's wheelchair, and should not have been placed in a position responsible for such repairs.

36. DOE MECHANIC engaged in deficient and/or negligent work when conducting and ensuring the repairs to Plaintiff's wheelchair.

37. At all relevant times, NUMOTION knew or reasonably should have known that DOE MECHANIC was carrying out the repairs to Plaintiff's wheelchair in a deficient and/or negligent manner.

38. At all relevant times, NUMOTION knew or reasonably should have known that the conduct of DOE MECHANIC would and did proximately result in injuries and damages to Plaintiff.

39. At all material times, NUMOTION knew, or in the exercise of reasonable care should have known and could have reasonably foreseen, that unless NUMOTION intervened to protect Plaintiff or to adequately supervise, control, regulate, train, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of DOE MECHANIC that such conduct would subject Plaintiff to injury.

40. At all times NUMOTION had the power, ability, authority and duty to intervene, supervise, train, prohibit, control, regulate, discipline and/or penalize the conduct and/or terminate the employment of DOE MECHANIC.

41. NUMOTION willfully, recklessly, and/or negligently failed to act so as to prevent, supervise, train, prohibit, control, regulate, discipline, and/or penalize such conduct, acts and failures to act, of DOE MECHANIC that resulted in significant injuries to Plaintiff.

42. NUMOTION willfully, reckless, and/or negligently retained DOE MECHANIC while it knew or should have known DOE MECHANIC was unfit for their position.

43. As a direct and proximate result of NUMOTION acts or failure to act to supervise or train its agents and employees, and its retention of DOE MECHANIC, Plaintiff has suffered and continues to suffer physical bodily harm, and has incurred and continues to incur special, general, and compensatory damages in an amount in excess of $15,000.00.

44. As a further direct and proximate result of the aforesaid negligence of NUMOTION, Plaintiff has incurred property damage and other incidental damages in a sum to be determined at the time of trial.

44. Pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior" NUMOTION are liable to Plaintiff for DOE MECHANIC wrongful and tortuous acts.

45. As a result of Defendants conduct, Plaintiff has been required to retain the Law Offices of ZAMAN & TRIPPIEDI to prosecute this action, and are entitled to recover attorney's fees, case costs and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a judgment against Defendants;
2. For all damages as allowed by law including compensatory, general, and special damages in an amount to be fully determined at trial;
3. For reasonable attorney's fees and costs incurred in this action;
4. For pre-judgment and post-judgment interest; and
5. For any other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys of record, ZAMAN & TRIPPIEDI, PLLC., hereby demands a jury trial for all of the issues in the above matter.

DATED this 29th day of July, 2021.

/s/ Michael Trippiedi_____
**MICHAEL TRIPPIEDI, ESQ.**
Nevada State Bar No. 13973
**MICHAEL Z. STANNARD, ESQ.**
Nevada State Bar No. 14624
**ZAMAN & TRIPPIEDI, PLLC.**
6620 S. Tenaya Way, Suite 100
Las Vegas, NV 89113
Ph: 702-842-4242
F: (702) 920-8837
Attorneys for Plaintiff